By the Court :
The defendant’s counsel have very correctly abondoned the-validity of the sale, and conveyance made under the order of the court of probate of Connecticut. At the time the order was made the State of Connecticut had no jurisdiction over the lands in question. They were subject only to be sold and conveyed under the laws of the then territorial government. The sale to the defendant is neither authorized nor sanctioned by these laws; it is, of consequence, inoperative. The title remains untouched in the heirs to-whom it descended.
The purchase money paid by the defendant upon the sale constitutes no charge upon the land in the hands of the complainant. The lands of the deceased were never legally charged with the-payment. The administrator, from whom the defendant purchased, had no power over them. He paid his money upon a mistake as to the consideration. The present complainants are not the parties-*to whom he paid it, or with whom he made the contract; and his right to recover back his money can not be litigated with them, neither at law nor in equity. We can therefore make no decree-■ with respect to the purchase money.
The amount paid for taxes stands upon a very different ground. These were chargeable by law upon the land, and the payment was. *524 a direct benefit to the complainants. It was their duty to pay. In the case they failed to do this, the land was liable to be sold for the taxes. They have derived a benefit from the payment, and in equity ought to refund the money. In one sense the defendant is a mere volunteer in making the payment; but when the owner of land in such case omits to pay the taxes as they fall due, he adopts the payment made by such volunteer, and as to that, constitutes him his agent, by recognizing his acts. Perhaps a court of equity might not, in every case of such volunteer, and upon his application, decree a lien for the taxes; but where these taxes have been paid under an opinion that the person who paid them owned the land, and when the true owners come into equity to ex.amine that claim of ownership, and to have it quieted, the rule that he who asks equity must do it, strictly applies. The court will not lend their aid to quiet the title, without securing to the defendant the moneys paid in preserving that title; moneys which the owners ought to have paid, and without the payment of which the land would have been lost.
The taxes assessed by the company are not to be distinguished from those assessed by' the state. The whole, with interest, are justly due, and the payment must be charged upon the land.
The commissions, or other expenditures necessarily incurred in the payment of' the taxes, also constitute for the defendant an equitable claim against the complainants. It is a charge inseparable from the payment of the taxes, which, had the complainants paid the taxes themselves, they must have incurred; and therefore, upon obtaining a decree of this court to rescue their title from suspicion, they must repay this expenditure to the defendant.
The .cause must be sent back to the county of Huron, with directions that the master commissioner take an account of the payments made for taxes, and expenses in making *such payments, with interest upon each sum paid from the time of payment; upon which a final decree must be entered, upon the principles here decided.